UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILE DIVISION

| | |
|---|---|
| JERRY W. PRESCOTT,<br><br>    Plaintiff,<br><br>v.<br><br>LOUISVILLE LADDER, INC.,<br><br>    Defendant. | Case No. 3:16-cv-00240<br><br>Judge Crenshaw<br>Magistrate Judge Newbern |

To The Honorable Waverly D. Crenshaw, Jr.:

## REPORT AND RECOMMENDATION

On October 7, 2016, the Court granted the motion of Plaintiff Jerry Prescott's attorneys to withdraw from his representation. (Doc. No. 28.) In that Order, the Court directed Prescott to file notice by October 28, 2016, of whether he had retained new counsel or would go forward pro se. (*Id.*) The Court also set a Case Management Conference for November 4, 2016, and directed Prescott to appear pro se if he was not represented. (*Id.*)

Prescott did not appear at the Court's November 4, 2016 Case Management Conference. On that date, the undersigned issued an Order to Show Cause why this matter should not be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41. (Doc. No. 30.) The Order to Show Cause required Prescott to respond on or before December 7, 2016. (*Id.*) Prescott accepted service of the Order to Show Cause on November 12, 2016. (Doc. No. 32.)

Prescott did not respond and has not filed anything with the Court since his counsel moved to withdraw in July 2016. (Docs. No. 22, 26.) Defendant Louisville Ladder, Inc., filed a Motion for Summary Judgment on October 25, 2016, which was served on Plaintiff but to which

Plaintiff has not responded. (Doc. No. 29.) Further, a response in opposition to Plaintiff's counsel's Motion to Withdraw filed by Defendant Louisville Ladder, Inc., states that Plaintiff failed to respond to discovery requests and did not meet established discovery deadlines. (Doc. No. 27.) This matter is set for a jury trial on March 14, 2017. (Doc. No. 18.)

For these reasons, the undersigned RECOMMENDS that this matter be DISMISSED WITH PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with the Court's orders. *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962).

Any party has fourteen (14) days from the receipt of this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in which to file any responses to said objections. Fed. R. Civ. P. 72(b)(2). Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004) (en banc).

Entered this 22nd day of December, 2016.

ALISTAIR E. NEWBERN
United States Magistrate Judge